IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JESSE BOBO and                                                          PLAINTIFFS
CAROLYN BOBO

VS.                              CASE NO. 06-CV-4110

DR. DANIEL F. UMOH, M.D.,
MEDICAL PARK HOSPITAL, L.L.C.,
TRIAD HOSPITAL, INC. d/b/a MEDICAL
PARK HOSPITAL, SIGNATURE
HOSPITAL L.L.C. d/b/a MEDICAL PARK
HOSPITAL, COLUMBIA/HCA HEALTHCARE
CORP., d/b/a MEDICAL PARK HOSPITAL and
HCA, INC., d/b/a MEDICAL PARK HOSPITAL                      DEFENDANTS

## ORDER

Before the Court is an Amended Motion to Dismiss, (Doc. 15) filed on behalf of Defendant

Dr. Daniel F. Umoh, M.D.  Also before the Court is a Motion to Dismiss filed on behalf of

Defendant Medical Park Hospital, LLC ("the Hospital").  (Doc. 11).  Plaintiffs Jesse Bobo and

Carolyn Bobo have responded to both motions.  (Doc. 23).  Dr. Umoh filed a reply to Plaintiffs'

response. (Doc. 26).  The Hospital also filed a reply to Plaintiffs' response.  (Doc. 28).  Plaintiffs

filed surreplies to both replies.  (Docs. 30-31).  The Court finds the matter ripe for consideration.

On November 27, 2004, Plaintiff Jesse Bobo arrived at the Hospital's emergency room

"exhibiting textbook symptoms of a stroke."  (Doc. 1, pg. 4).  Plaintiffs allege that Dr. Umoh and

the Hospital failed to properly evaluate and treat Jesse Bobo's condition, resulting in severe injuries.

Plaintiffs filed this action for medical negligence on November 21, 2006.  Specifically, Plaintiffs

allege that Dr. Umoh was negligent in: (1) failing to properly evaluate, diagnose and treat Jesse

Bobo's condition; (2) failing to order thrombolytic therapy; (3) failing to properly record notes and

complete paperwork; (4) failing to transfer Plaintiff to another hospital; and (5) failing to properly

supervise the Hospital's employees as they cared for Jesse Bobo.  Similarly, Plaintiffs allege the

Hospital was negligent in: (1) failing to hire employees qualified to administer proper medical care;

(2) failing to train employees to diagnose and treat Plaintiff's condition; (3) failing to properly record

notes of Plaintiff Jesse Bobo's condition; and (4) failing to fill out necessary paperwork.

The motions before the Court seek dismissal based on Plaintiffs' alleged failure to comply

with sections of the Arkansas Code applicable to actions for medical injury.  In Arkansas, the

medical malpractice plaintiff's burden of proof is fixed by statute:

> (a) In any action for medical injury, when the asserted negligence does not lie within the jury's comprehension as a matter of common knowledge, the plaintiff shall have the burden of proving:
>
> (1) By means of expert testimony provided only by a medical care provider of the same specialty as the defendant, the degree of skill and learning ordinarily possessed and used by members of the profession of the medical care provider in good standing, engaged in the same type of practice or specialty in the locality in which he or she practices or in a similar locality;
>
> (2) By means of expert testimony provided only by a medical care provider of the same specialty as the defendant that the medical care provider failed to act in accordance with that standard; and
>
> (3) By means of expert testimony provided only by a qualified medical expert that as a proximate result thereof the injured person suffered injuries that would not otherwise have occurred.

Ark.Code Ann. § 16-114-206(a).  Further, the Arkansas medical malpractice statute provides:

> (b)(1) In all cases where expert testimony is required under § 16-114-206, reasonable cause for filing any action for medical injury due to negligence shall be established only by the filing of an affidavit that shall be signed by an expert engaged in the same type of medical care as is each medical care provider defendant.

Ark.Code Ann. § 16-114-209(b)(1).  When an affidavit is required by § 16-114-209(b)(1), Plaintiffs

have thirty (30) days to comply, or the complaint "shall be dismissed by the court."  Ark. Code Ann.

§ 16-114-209(b)(3)(a)-(b).  The affidavit is required to state with particularity: (1) the expert's familiarity with the applicable standard of care; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care has been breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death.  Ark. Code Ann. § 16-114-209(b)(2).

In the motions to dismiss, Defendants argue that Plaintiffs' claims, detailed above, fall outside the jury's comprehension as a matter of common knowledge.  The Arkansas Supreme Court exhaustively considered the necessity of the introduction of expert medical testimony in malpractice cases in *Lanier v. Trammell,* 207 Ark. 372, 180 S.W.2d 818 (Ark. 1944).  In *Lanier*, the court held that expert testimony is not required when the asserted negligence lies within the comprehension of a jury of laymen, such as a surgeon's failure to sterilize his instruments or to remove a sponge from the incision before closing it.  On the other hand, when the applicable standard of care is not a matter of common knowledge, the jury must have the assistance of expert witnesses in coming to a conclusion upon the issue of negligence.  *Haase v. Starnes,* 323 Ark. 263, 269, 915 S.W.2d 675, 678 (Ark. 1996) (quoting *Davis v. Kemp,* 252 Ark. 925, 926, 481 S.W.2d 712, 712-713 (Ark. 1972)); *Robson v. Tinnin*, 322 Ark. 605, 911 S.W.2d 246 (Ark. 1995).  Accordingly, it is well settled by § 16-114-206(a) and Arkansas case law that expert testimony is not necessary *per se* in every malpractice case, but rather is needed only when the standard of care is not within the jury's common knowledge and when an expert is needed to help the jury decide the issue of negligence. *Haase*, 323 Ark. at 269.

The Arkansas Supreme Court has held, on numerous occasions, that expert testimony was required because the alleged negligence did not fall within the common knowledge of the jury.  *See,*

3

*e.g., Williamson v. Elrod,* 348 Ark. 307, 72 S.W.3d 489 (Ark. 2002) (directed verdict should have been granted for physician when the expert for the patient's estate failed to testify about what degree of skill is ordinarily possessed by surgeons in Little Rock when the negligence alleged was the physician's failure to perform surgery on a cancer patient suffering from free air in the abdomen until over thirteen hours after the physician learned of the surgery consult and the patient passed away during this time period); *Eady v. Lansford,* 351 Ark. 249, 92 S.W.3d 57 (Ark. 2002) (expert testimony required to rebut defense testimony regarding whether a physician has a duty to inform a patient about rare side effects of medication); *Skaggs v. Johnson,* 323 Ark. 320, 915 S.W.2d 253 (Ark. 1996) (medical decision to leave a piece of drainage tube in a patient's leg, as opposed to an inadvertent leaving of an object in a patient's body, presented an issue outside the jury's common knowledge and required expert testimony); *Robson*, 322 Ark. at 610-11 (matters relating to the changing of dental implants and treatment of fractured teeth are not matters of common knowledge to a jury); *Reagon v. City of Piggott,* 305 Ark. 77, 805 S.W.2d 636 (Ark. 1991) (expert required to establish standard of care when physician failed to diagnose appendicitis); *Napier v. Northrum,* 264 Ark. 406, 572 S.W.2d 153 (Ark. 1978) (branchial block procedure was not within the common knowledge of a jury of laymen, and the jury could not find that anesthesiologist was negligent in failing to warn the patient that a lung puncture might occur during the procedure where there was no expert testimony that would have permitted the jury to weigh various types of anesthesia to determine if a warning should have been given).

The Court agrees with Defendants that expert testimony is required in this case to establish Plaintiffs' claims.  Whether Defendants complied with the relevant standard of care in evaluating, diagnosing and treating Jesse Bobo's condition and in failing to order thrombolytic therapy is a

matter outside the jury's comprehension as a matter of common knowledge.  As a result, Ark.Code Ann. § 16-114-209(b)(1) applies, and that Plaintiffs were required to file–within thirty days of the filing of the complaint–an affidavit following the guidelines provided by Ark. Code Ann. § 16-114-209(b)(2).  The record reveals that Plaintiffs failed to file such an affidavit within thirty days of the filing of their complaint, or at any subsequent time.  Accordingly, Plaintiffs have not established reasonable cause for filing an action for medical injury due to negligence, and, under the terms of the statute, face dismissal.  See Ark. Code Ann. § 16-114-209(b)(3)(B).

Plaintiffs' response in opposition to the motions to dismiss argues that the sections of the Arkansas code regulating actions for medical malpractice do not apply in federal court.  The Court disagrees.  The sections of the Arkansas Code detailing the requirements for bringing a medical malpractice action in Arkansas are the substantive law of Arkansas.  They apply to medical malpractice actions filed in or removed to this Court through *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938).  The outcome of diversity cases, such as this one, is to be substantially the same as if the case were tried in state court.  *Guaranty Trust Co. v. York*, 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945).  Accordingly, the Court denies that the accident of diversity of citizenship relieves Plaintiffs of their duty to follow Arkansas statutory requirements for medical malpractice actions in Arkansas.

Plaintiffs also argue in their response that the cited sections of the Arkansas Code conflict with Rules 11, 26 and 27 of the Federal Rules of Civil Procedure.  Again, the Court disagrees.  The substantive requirements for bringing a medical malpractice action in Arkansas, embodied by the sections of Arkansas code cited in this order, are not "covered" by a Federal Rule of Civil Procedure. *See Hiatt v. Mazda Motor Corp.*, 75 F.3d 1252, 1258 (8th Cir. 1996); *Hanna v. Plumer*, 380 U.S.

5

460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).  As a result, this Court cannot ignore applicable sections of the Arkansas Code due to the existence of federal procedural rules setting forth general, less stringent pleading and discovery requirements for Plaintiffs' cause of action.  *See Robbins v. Johnson*, — S.W.3d —, 2006 WL 3030682 (Ark. 2006)(finding a complaint for medical malpractice filed in Arkansas without the requisite affidavit must be dismissed).

CONCLUSION

For the reasons stated herein and above, Defendant Dr. Daniel F. Umoh, M.D.'s Amended Motion to Dismiss should be and hereby is **GRANTED**.  Additionally, Defendant Medical Park Hospital's Motion to Dismiss is also **GRANTED**.  Plaintiffs' claims against Dr. Daniel F. Umoh, M.D. and  Medical Park Hospital are hereby **DISMISSED**.

**IT IS SO ORDERED**, this 7th day of March, 2007.

         /s/Harry F. Barnes
        Hon. Harry F. Barnes
        United States District Judge