IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| JESSE BOBO and | PLAINTIFFS |
| CAROLYN BOBO | |
| | |
| VS.                    CASE NO. 4:06-CV-4110 | |
| | |
| DR. DANIEL F. UMOH, M.D., | |
| MEDICAL PARK HOSPITAL, L.L.C., | |
| TRIAD HOSPITAL, INC. d/b/a MEDICAL | |
| PARK HOSPITAL, SIGNATURE | |
| HOSPITAL L.L.C. d/b/a MEDICAL PARK | |
| HOSPITAL, COLUMBIA/HCA HEALTHCARE | |
| CORP., d/b/a MEDICAL PARK HOSPITAL and | |
| HCA, INC., d/b/a MEDICAL PARK HOSPITAL | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER**

On March 7, 2007, the Court found that Plaintiffs had not established "reasonable cause" for filing an action for medical injury due to negligence according to Ark. Code Ann. § 16-114-209(b), and granted (Doc. 32) Defendant Dr. Daniel F. Umoh's Amended Motion to Dismiss and Defendant Medical Park Hospital, LLC's Motion to Dismiss. An Amended Order, filed March 12, 2007, confirmed that Plaintiffs' claims had been dismissed *in toto*. (Doc. 34). Three days later, on March 15, 2007, the Supreme Court of Arkansas found the provision of Ark. Code Ann. § 16-114-209(b) requiring dismissal for failure to file a "reasonable cause" affidavit within thirty days of the filing of the complaint unconstitutional. *Summerville v. Thrower*, 369 Ark. 231, — S.W.3d —, 2007 WL 766319 (Ark. 2007).

Now before the Court is Plaintiffs' Motion to Alter or Amend the Judgment. (Doc. 35). Plaintiffs seek to vacate the Court's Order dismissing their claims to prevent a manifest injustice. Defendants Dr. Daniel F. Umoh and Medical Park Hospital filed separate responses on March 15,

2007.  (Docs. 35, 36).  Subsequently, on May 8, 2007, Plaintiffs sought leave to file a supplemental Motion to Alter or Amend Judgment.  (Doc. 38).  The Court granted leave for this filing on May 24, 2007.  (Doc. 43).  On May 25, 2007, Plaintiffs filed their Supplemental Motion to Alter Judgment, (Doc. 44) based on an intervening change in the law.  Along with the Supplemental Motion to Alter Judgment, Plaintiffs filed the affidavit of Dr. Robert C. Matthews, M.D., to establish reasonable cause for their medical negligence action.  (Doc. 40).  The supplemental motion is also now before this Court.  Defendants have separately responded.  (Docs. 45, 46).  Plaintiffs filed a reply to Defendants' responses.  (Doc. 47).  The Court held a hearing on the motions on December 3, 2007.  (Doc. 51).  The matter is ripe for consideration.

## I. LEGAL STANDARD

Both Plaintiffs' Motion to Alter or Amend the Judgment and Plaintiffs' Supplemental Motion to Alter Judgment make clear that Plaintiffs seek relief under Fed. R. Civ. P. 59.  Motions to alter or amend a judgment must be filed no later than ten (10) days after the entry of judgment.  Fed. R. Civ. P. 59(e).  A case in which a timely Rule 59(e) motion has been filed lacks finality because the motion tolls the time limitation for appeal in order to provide the trial court with jurisdiction to resolve the motion.  *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998).  This "tolling process" encourages "both correctness and finality." *Jackson v. Schoemehl,* 788 F.2d 1296, 1298 (8th Cir.1986).  *See also Sanders v. Clemco Indus.,* 862 F.2d 161, 170 (8th Cir.1988); 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2821, at 220-21 (2d ed.1995).

There are three circumstances in which a district court can grant a Rule 59 motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available

2

at trial; or (3) to correct a clear error of law or prevent manifest injustice." *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002); *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998). Rule 59 essentially permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir.1995). A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e). *U.S. v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006); *Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills,* 141 F.3d 1284, 1286 (8th Cir.1998).

## II. DISCUSSION

Plaintiffs' Rule 59 motions take issue with the Court's application of Ark. Code Ann. § 16-114-209 and its mandatory dismissal provision for complaints for medical injuries due to negligence filed without "reasonable cause" affidavits. *See* Ark. Code Ann. § 16-114-209(b)(3). Plaintiffs' initial Motion to Alter or Amend Judgment urged that the provision was inapplicable in federal court. (Doc. 35, pg. 2). Plaintiffs' Supplemental Motion to Alter or Amend Judgment seeks accommodation for the intervening change in Arkansas law occasioned by *Summerville*. (Doc. 44, pgs. 2-3). Essentially, the Court's task is to decide if Plaintiffs are able to take advantage of a change in the law which occurred during the time that this matter was held open by a timely-filed Rule 59 motion.

Defendants urge the Court to follow the Arkansas Supreme Court's guidance in *Aka v. Jefferson Hosp. Ass'n, Inc.*, which applied its new rule "only to the case at bar and to causes of action arising after the decision becomes final." 344 Ark. 627, 643, 42 S.W.3d 508, 519 (2001). In

3

*Aka*, the Supreme Court of Arkansas revised their construction of the state wrongful death statute to include viable fetuses, overturning *Chatelain v. Kelley*, 322 Ark. 517, 910 S.W.2d 215 (Ark. 1995). At the hearing on this matter, Defendants stressed the need for finality and certainty of decisions, a point noted in *Aka*: "no matter how a new rule of law is applied, the benefit of the new decision is denied to some injured persons." 344 Ark. at 642 (citing *Taliafero v. Barnett*, 47 Ark. 359, 1 S.W. 702 (Ark. 1886); *Parish v. Pitts*, 244 Ark. 1239, 429 S.W.2d 45 (Ark. 1968)).

A countervailing principle exists to Defendants' position, however. In several cases, the Supreme Court of Arkansas has held that when a statute is declared unconstitutional, it must be treated as if it had never been passed. *Green v. Carder*, 276 Ark. 591, 594, 637 S.W.2d 594 (1982); *Huffman v. Dawkins*, 273 Ark. 520, 622 S.W.2d 159 (1981); *Morgan v. Cook*, 211 Ark. 755, 202 S.W.2d 355 (1947); *see also* 16A Am. Jur. 2d Constitutional Law § 203 (finding generally that "unconstitutionality dates from the time of enactment," and an unconstitutional statute is void *ab initio*). Discernable tension exists between the prospective application rule of *Aka* and the treated-as-if-never-passed rule of *Green*.

In resolving this tension, the Court feels compelled to discount the importance of finality in this particular instance. As noted previously, a timely Rule 59 motion suspends the finality of a decision, *see Innovative Home Health Care, Inc.*, 141 F.3d at 1286, and the Court retains its jurisdiction to resolve the motion. While Plaintiffs' Rule 59 motion was pending, the law of Arkansas changed, eliminating the statutory pleading requirement that prompted Plaintiffs' dismissal. Complaints filed after *Summerville* no longer face dismissal for failure to file a reasonable cause affidavit within thirty days of the filing of the complaint. *See*, *e.g.*, *Scott v. United States*, 2007 WL 2230514 (E.D. Ark. 2007). By virtue of their timely Rule 59 motion, these Plaintiffs

should not have to suffer as the last Arkansans harmed by an unconstitutional statute.

### III. CONCLUSION

For reasons stated herein and above, Plaintiffs' Supplemental Motion to Alter or Amend Judgment should be and hereby is **GRANTED**. The Court's Order of March 7, 2007 dismissing Plaintiffs' claims is hereby **VACATED**.

**IT IS SO ORDERED**, this 28th day of December, 2007.

                                                  /s/Harry F. Barnes
                                          Hon. Harry F. Barnes
                                          United States District Judge