IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JESSE BOBO, et al.                                          PLAINTIFFS

    vs.                        CASE No. 06-4110

DANIEL F. UMOH, M.D., et al.                                DEFENDANTS

**O R D E R**

Now on this 13ᵗʰ day of November, 2008, comes on to be considered **Separate Defendant Daniel Umoh, M.D.'s Motion to Dismiss (Doc. 83)** and **Motion to Quash Notice of Deposition (Doc. 93)**. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1.   Plaintiffs instituted this medical malpractice action on November 21, 2006. Separate defendant Dr. Umoh filed an answer on January 2, 2007. On October 22, 2008, nearly two years after the action was instituted, Dr. Umoh filed the current motion to dismiss, arguing that plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) and (b)(5), as he has never been served with a summons or a copy of the complaint. Dr. Umoh explains that he previously filed an answer to the complaint, although service of process had not been made, because he received notification from his insurer of the filing of the complaint.

2.   Plaintiffs respond that they had a good faith belief that Dr. Umoh had been served, as a "process server was hired, ... soon thereafter, Defendant Umoh filed an answer[,] ... and this case was

litigated for nearly two years without Defendant asserting any objection." (Doc. 86 at pgs. 8-9.) Plaintiffs argue that Dr. Umoh, therefore, waived any objection to service of process.

3. Dr. Umoh argues that he preserved his objection because, in his answer, he "ple[d] affirmatively that Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(1)(2)(3)(4) and (5)." (Doc. 1 ¶ 11.) Objections to service of process "must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized." Photolab Corp. v. Simplex Specialty Co., 806 F.2d 807, 810 (8th Cir. 1986).

4. The Court finds that Dr. Umoh's generic assertion of the defenses available under Rule 12(b) was insufficient to preserve his objection to plaintiffs' failure to perfect service of process. The Court further finds that even if Dr. Umoh had properly asserted the objection in his answer, his failure to raise the issue by formal motion for nearly two years would serve as a waiver of the issue. See Hammann v. 1-800 Ideas.com, Inc., 455 F. Supp.2d 942, 959 (D. Minn. 2006).

5. Based on the foregoing, the Court hereby orders as follows:

* Dr. Umoh's **Motion to Dismiss (Doc. 83)** is hereby **DENIED**.

* Dr. Umoh's **Motion to Quash Notice of His Deposition (Doc. 93)** pending a ruling of the motion to dismiss is **DENIED** as moot.

**IT IS SO ORDERED.**

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE